CHARLES BARBAN, RESPONDENT, v. THE DAVID KAUF-
MAN & SONS COMPANY, APPELLANT.

Submitted March 27, 1922—Decided June 19, 1922.

What is a reasonable time for the delivery of goods under a contract
which does not call for any specified time for shipment is a jury
question, when the facts or the inferences to be drawn therefrom
are in dispute; or when it rests upon conflicting inferences as
to the mutual effect of the conduct of the parties to the transac-
tion. It depends in this case upon existing conditions under all
the circumstances. *Pamph. L.* 1907, *p.* 326, ¶ 43 (2) ; *Comp.
Stat., p.* 4657.

On appeal from the Supreme Court.

For the appellant, *Francis A. Gordon.*

For the respondent, *Stamler & Stamler.*

The opinion of the court was delivered by

BLACK, J. The plaintiff obtained a verdict in this case for
$3,013.86. The suit was instituted to recover damages grow-
ing out of a breach of contract. The alleged breach of the
contract was the defendant's refusal to accept delivery of
hand grenades sold to it by the plaintiff. There are forty-six
grounds of appeal all relating to trial errors, which we have
examined and find they are without legal merit. It would
serve no useful purpose to discuss them in detail.

The meritorious question involved is, Was the defendant
justified in canceling the contract on October 26th, 1920?
This, of course, primarily depends upon the terms and con-
struction of the contract. The contract is in writing, thus:
"Sep. 17/20 bought this day from C. Barban approx. 310 G.
T. [gross tons] defensive Hand Grenades cast, as per sample,
at $35 00/00 per G. T. F. O. B. cars Morgan. Material to
be ordered shipped within 1 wk. payment sight draft against

commercial bill of lading." D. Kaufman & Sons Company. H. K.

This was accepted September 18th, 1920, by a letter in which the terms of the contract were repeated. On September 23d, 1920, one hundred and fifty tons were ordered shipped out by the defendant. On September 24th, 1920, such order was acknowledged by the plaintiff in a letter, in which this clause appears: "We will expect shipping instructions on the balance the early part of next week."

October 26th, 1920, the contract was canceled by the defendant on the ground as stated in a letter: "Owing to your failure to make shipment in due course." Then, the next day, on October 27th, the plaintiff notified the defendant that he would not accept a cancelation of the contract on the ground that the defendant "never issued shipping instructions covering more than one-half of the grenades;" demanding "shipping instructions for the unfilled portion." It will be observed the contract does not call for any specified time for shipment.

The trial court left it to the jury to say whether the one hundred and fifty tons ordered shipped of the hand grenades had been shipped within a reasonable time, and charged the jury in this language: "So, that if the plaintiff delivered these within a reasonable time, based upon the existing conditions, then he fulfilled his contract and the defendant had no right to cancel it." The railroad carriers were at the time in the hands of the United States government, being operated by it.

The plaintiff's testimony showed that, owing to the scarcity of gondola cars the plaintiff was unable to make a more prompt delivery. He offered evidence, showing the unusual circumstances existing at the time, due to embargoes and inability to procure cars, for preferred; shipments, that he did deliver the first one hundred and fifty tons of the hand grenades to the defendant within a reasonable time. The testimony also showed, some time about October 28th, 1920, the particular quality of iron materially dropped in price. The

plaintiff was at all times ready and willing to deliver the balance of the hand grenades, but the defendant refused to accept a delivery of the same. The defendant's testimony was to the effect that within a day or two the balance of the instructions for shipment would be given "or just as soon as you get the first quota out," *i. e.,* the first one hundred and fifty tons. Moreover, paragraph 43 (2) of the Sales act (*Comp. Stat., p.* 4657; *Pamph. L.* 1907, *p.* 326) provides: "Where by a contract to sell or a sale the seller is bound to send the goods to the buyer, but no time for sending them is fixed, the seller is bound to send them within a reasonable time." The question of reasonable time is generally one of fact for the jury, and is always so when the facts are in dispute or it rests upon conflicting inferences as to the mutual effect of the conduct of the parties to the transaction. *New Jersey School, &c., Co.* v. *Board of Education,* 58 *N. J. L.* 646. 652. We think the meritorious question involved in this litigation, *i. e.,* which one of the parties was legally responsible for the breach of the contract, was fully and fairly tried out in the court below. There is no error in the record and the judgment of the Supreme Court is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.

*For reversal*—None.